IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW R. COOMBES,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES,<br><br>    Defendant. | Case No. 3:20-cv-03700-M-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Southwest Airlines' (Southwest) has filed a Motion to Dismiss this *pro se* civil action, arguing Plaintiff Matthew Coombes failed to meet basic pleading requirements under Federal Rule of Civil Procedure 8(a) or, in the alternative, because the Montreal Convention for the Unification of Certain Rules for International Carriage by Air (Montreal Convention) bars the entirety of Coombes's claims. For the following reasons, the Court should GRANT Southwest's Motion (ECF No. 8) and dismiss this case with prejudice.

**Background**

In a thirty-page document entitled "Complaint for Discrimination Based on Ethnicity and Costs that Occur From Retaliatory Acts Because of It, that Don [sic] Not Fall Undr [sic] Federal Protections, Such as the Montreal Act in One Case" (ECF No. 3), Coombes rails against his alleged mistreatment by Southwest during a trip to Mexico in 2018.

As best the Court understands his prolix pleading, Coombes alleges that, on December 17, 2018, he arrived at Mexico City International Airport intending to fly to San Diego International Airport. Compl. 3 (ECF No. 3); Mot. Dismiss 7. Coombes had booked a flight through Viva Aerobus but was "bounced" because his baseball equipment bag would not fit in the measuring box for carry-on luggage. Compl. 3-5, Ex. A-B 32-33; Pl.'s Am. Resp. 9-10 (ECF No. 13). After Viva Aerobus returned Coombes's checked luggage, he booked a flight to San Diego—through Houston Hobby Airport—with Southwest and checked his luggage. Compl. 3; Mot. Dismiss 7.

Coombes then proceeded to an initial security screening in which he refused to check his equipment bag. Compl. 3-4, 5; Mot. Dismiss 7. Airport security consequently chose Coombes for a second screening. Compl. 3-4, 5; Mot. Dismiss 7. Coombes contends that during this second security screening the TSA asked him questions only in Spanish and denied him an English interpreter. Compl. 8-9, 14-15; Mot. Dismiss 7. Because he could not answer their questions, the security officers refused to allow Coombes to board the Southwest flight to Houston. Compl. 5; Mot. Dismiss 7.

Next, Coombes bought a ticket to Tijuana, Mexico on Interjet Airlines. Compl. 5-6, 9; Mot. Dismiss 7. Although he asked for his checked luggage before his departure, Southwest was unable to return his belongings before takeoff—instead informing him that it would ship his checked luggage to San Diego. Compl. 9. Coombes acquiesced and boarded his new flight but called Southwest's customer

service after landing in Tijuana to file a complaint and inquire into the status of his luggage. Compl. 9; Mot. Dismiss 8. A Southwest employee purportedly told Coombes he would have to return to Mexico City to collect his bags, prompting him to take an overnight flight—again on Interjet Airlines—back to Mexico City. Compl. 10; Mot. Dismiss 8.

Coombes's luggage was no longer in Mexico City when he arrived, however; it was already en route to Houston. Compl. 10; Mot. Dismiss 8. After a verbal altercation with Southwest employees, Coombes requested—and Southwest agreed—to ship his luggage to his hometown of Boston. Compl. 10-11; Mot. Dismiss 8. Unable to book another flight on short notice, Coombes spent the night in Mexico City before returning to Boston through New York's LaGuardia Airport on December 20, 2018. Compl. 11; Mot. Dismiss 8. It was in Boston on December 20 that Coombes finally recovered his luggage—though he allegedly had to threaten to call the Massachusetts State Police to do so given Southwest's continued refusal to return his bags. Compl. 12; Mot. Dismiss 8.

Upon returning home, however, Coombes discovered that two t-shirts he purchased in Mexico were missing from his luggage. Compl. 12; Mot. Dismiss 8. Coombes again phoned Southwest customer service, expressing his dissatisfaction with the delay in receiving his luggage and his missing garments, and threatened to file suit against Southwest. Compl. 12-13; Mot. Dismiss 8.

Coombes did not file suit until over two years later, on December 22, 2021. *See* Compl. In his Complaint, Coombes recounts the various alleged wrongs

inflicted by Southwest, but explicitly states he seeks reimbursement only for costs connected with the "December 2018 incident in Mexico City." Compl. 15-20, 22-25. These damages allegedly include two flights he purchased in an attempt to recover his bags, an extra night in a Mexico City hotel, and the waste of a ticket to a professional basketball game which he could not attend because he was trying to recover his luggage. *Id.* at 24.

Southwest subsequently filed its Motion to Dismiss. Coombes filed a response (ECF No. 10) and an amended response (ECF No. 13), and Southwest filed a reply (ECF No. 12). Accordingly, Southwest's Motion to Dismiss is fully-briefed and ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion therefore a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

I. <u>Only Coombes's claims under the Montreal Convention for delayed luggage and lost property meet the pleading requirements of Rule 8(a).</u>

A pleading that states a claim for relief must contain three separate elements:

(1) A short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) A short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) A demand for the relief sought, which may include relief in the alternative or different types of relief

*Pickron v. Ins. Res. Grp.*, 2020 WL 5995768, at *1 (N.D. Tex. July 16, 2020) (Rutherford, J.) (quoting FED. R. CIV. P. 8(a)), *rec. adopted*, 2020 WL 5994026 (N.D. Tex. Oct. 9, 2020). Southwest asserts that Coombes's complaint fails to meet this requirement because it does not affirm that the Court has jurisdiction or that Coombes is entitled to relief. Mot. Dismiss 11. But a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Deljavan v. Goodwill Indus. of Fort Worth*, 2021 WL 2187245, at *3 (N.D. Tex. May 28, 2021) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Interpreting Coombes's complaint broadly, the Court finds that Coombes sufficiently pleads claims under the Montreal Convention for lost property and delayed luggage but fails to meet the same requirements for any other claim he purports to assert.

First, Coombes's complaint contains a short and plain statement invoking this Court's federal question jurisdiction. *See* Compl. 2. He insists that the Court has jurisdiction "to protect Americans overseas, especially on American Based Airlines [sic]." *Id.* The Court interprets this language as invoking the Montreal Convention, which presents a question of federal law. *See* 28 U.S.C. § 1331 (emphasis added) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, *or treaties* of the United States."); *Lecka v. United Cont'l Holdings, Inc.*, 2014 WL 12670644, at *1 (S.D. Tex. June 3, 2014) (establishing that the defendants removed claims under the Montreal Convention to federal court on the basis of federal question jurisdiction).

Second, Coombes provides more than a short statement showing that he is entitled to relief for alleged violations of the Montreal Convention. He details, at length, the delay in receiving his luggage from Southwest and his loss of property. The Montreal Convention provides recovery for such claims. *See* Montreal Convention, art. 18, November 4, 2003, S. Treaty Doc No. 106-45 ("The carrier is liable for damage sustained in the event of the . . . loss of . . . cargo . . . ."); *id.* art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage, or cargo."). Accordingly, Coombes's alleged facts give rise to a plausible claim that Coombes is entitled to relief under the Montreal Convention. *See US Bank N.A., Tr. to LaSalle Bank Nat'l Ass'n v. Parson*, 2020 WL 7295838, at *5 (N.D. Tex. Nov. 20, 2020) (Rutherford, J.) (finding that the plaintiff plausibly showed that it was entitled to relief under the Texas Property Code by alleging

7

sufficient facts to satisfy the requirements for recovery), *rec. adopted*, 2021 WL 567171 (N.D. Tex. Feb. 12, 2021).

However, the Court also concludes that Coombes has failed to show that he entitled to relief for any other cause of action that he purportedly brings. Coombes's complaint contains multiple references to discrimination, harassment, and retaliation, yet he states no facts to support these contentions. Coombes does not claim that similarly situated individuals were treated differently while traveling with Southwest or assert facts to support his allegations of harassment or retaliation. Such claims are nothing more than unadorned, "the-defendant-unlawfully-harmed-me accusation[s]." *See Davis v. Dallas Cnty. Tex. Child Support Enf't Agency*, 2021 WL 1111164, at *7 (Mar. 2, 2021) (Rutherford, J.) (brackets in original) (quoting *Twombly*, 550 U.S. at 555), *rec. adopted*, 2021 WL 1118372 (N.D. Tex. Mar. 23, 2021). Therefore, Coombes fails to sufficiently show that he is entitled to relief for causes of action other than loss of baggage and delay of luggage under the Montreal Convention.

Finally, Southwest does not contest that Coombes included a demand of the relief sought in his complaint. Indeed, Coombes includes over eight pages of demands. *See* Compl. 21-29. Accordingly, the Court concludes that Coombes's complaint satisfies Rule 8(a) as to his claims for loss of baggage and delay of luggage under the Montreal Convention. Any additional claims that Coombes purports to bring fail to satisfy the pleading requirements of Rule 8(a) and should be dismissed.

II.   Coombes's claims are barred under the Montreal Convention.

The Montreal Convention is a multilateral treaty entered into force on November 4, 2003. *Bassam v. Am. Airlines*, 287 F. App'x 309, 312 (5th Cir. 2008) (per curiam). Like its predecessor, the Warsaw Convention, the Montreal Convention serves "as the treaty exclusively governing the rights and liabilities of passengers and carriers in international air transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 F. App'x 294, 296 (5th Cir. 2013) (per curiam); *Bassam*, 287 F. App'x at 312. To the extent that international airline passengers bring claims that fall within the substantive scope of the Montreal Convention, they may only do so under the Convention. *White v. Emirates Airlines, Inc.*, 493 F. App'x 526, 529 (5th Cir. 2012) (per curiam); *see also Bridgeman*, 552 F. App'x at 296; *see also Lecka*, 2014 WL 12670644, at *3 ("[S]ince Plaintiffs' claims arise from an international flight, the Montreal Convention exclusively applies."). Article 29 provides that "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." Montreal Convention, art. 29.

Southwest asserts that Coombes's claims—"whatever they are"—fall under Articles 19 and 29 of the Montreal Convention because the allegations are founded on his delayed luggage and missing items during his flight from Mexico to the United States. Mot. Dismiss 13. Coombes disagrees that the Montreal Convention applies to preempt his claims, arguing that Southwest violated "at least" five terms

9

of the Convention, rendering "its status under [the Convention] nulled and voided [sic]." Pl.'s Am. Resp. 7. The Court agrees with Southwest that the Montreal Convention preempts any claims Coombes purports to bring under state or federal law.

Article 19 provides liability "for damages occasioned by delay in the carriage by air of passengers, baggage or cargo." *Onwuteaka v. Nw. Airlines, Inc.*, 2007 WL 1406419, at *1 (S.D. Tex. May 10, 2007) (quoting Montreal Convention, art. 19). And, as stated, Article 29 requires international passengers to bring "any action for damages, however founded," pursuant to the Montreal Convention. Montreal Convention, art. 29. Coombes's claims for damages resulting from delay and his missing items during his travel between Mexico and the United States—both signatories to the Montreal Convention—clearly fall within these provisions. Despite Coombes's assertions to the contrary, the Court finds no authority that would remove his claims from coverage under the Convention.

Accordingly, the Montreal Convention applies and preempts any claims Coombes purports to bring under state or federal law. The Court further determines that the Montreal Convention bars Coombes's surviving claims for two reasons: (1) Coombes did not provide Southwest with written notice as required by the Convention; and (2) Coombes failed to comply with the Convention's two-year statute of repose.

> a. <u>Coombes did not provide Southwest written notice of his claims as required by the Montreal Convention.</u>

To seek relief for damaged baggage or cargo under the Montreal Convention, plaintiffs must provide written notice of the damage to the carrier within seven days from the date of receipt in the case of checked baggage and within fourteen days in the case of cargo. Montreal Convention, art. 31(2); *see Comverse, Inc. v. Lufthansa German Airlines*, 2006 WL 8437361, at *2 (N.D. Tex. July 28, 2006). In the event of delay, plaintiffs have twenty-one days from the date on which the baggage or cargo was returned to provide written notice to the carrier of their complaint. Montreal Convention, art. 31(2). If no written complaint is made to the carrier during these times, "no action shall lie against the carrier"—except in the case of fraud. *Id.*

Here, Coombes admits that he did not provide written notice to Southwest within the time provided by the Convention. *See* Pl.'s Am. Resp. 22-23. Instead, he contends that because he verbally threatened to sue Southwest while on the phone with customer service representatives, he satisfied the Montreal Convention's timely written notice requirements. *Id.* Despite giving actual notice of his dissatisfaction to Southwest's representatives, Coombes's verbal threats were not enough to satisfy the requirements of the Montreal Convention. *See Stud v. Trans Int'l Airlines*, 727 F.2d 880, 883 (9th Cir. 1984) (holding that a carrier's actual knowledge of an incident did not satisfy the written notice requirement of the Warsaw Convention). Coombes also fails to plead that his failure to comply with

11

the timely written notice requirement is due to fraud by Southwest. Accordingly, Coombes's claims under the Montreal Convention are barred for failure to give timely written notice.

> b. <u>Alternatively, Coombes's claims are barred by the Montreal Convention's two-year statute of repose.</u>

Article 35 of the Montreal Convention requires that any claim under the Convention be brought within a two-year period computed from either the date of arrival, the date of intended arrival, or the date that carriage ceased. Montreal Convention, art. 35. This requirement is not simply a limitation provision, "but is a part of the definition of the right to recover damages based on the provisions of the Convention." *Dickson v. Am. Airlines, Inc.*, 685 F. Supp. 2d 623, 627 (N.D. Tex. Jan. 28, 2010) (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415-17 (1998); *Mid-State Horticultural Co. v. Pa. R.R. Co.*, 320 U.S. 356, 363-64 (1943)). Bringing suit within the two-year period is a strict condition precedent to seeking relief under the Montreal Convention. *Duay v. Cont'l Airlines, Inc.*, 2010 WL 5342824, at *3 (S.D. Tex. Dec. 21, 2010).

The facts giving rise to this action occurred between December 17, when Coombes checked his bags and attempted to board a flight with Southwest, and December 20, 2018, when Coombes recovered his luggage and discovered his property was missing. Any cause of action therefore accrued on December 20, 2018 at the latest. However, Coombes did not file suit until December 22, 2020, *see* Compl., over two years from the latest possible date of accrual.

Coombes defends the timeliness of his filing, asserting that he overnighted the Complaint to the Court from Massachusetts on Saturday, December 19, 2020. Pl.'s Am. Resp. 4. The Clerk of Court thereafter received the Complaint on Monday, December 21, according to Coombes, thus satisfying the filing deadline because December 20 fell on a Sunday—giving him an extra day to file suit. *Id.* Coombes claims that it is not his fault if the Court did not process his Complaint until December 22, as he "did all in his power to get it to the court's clerks [sic] office on time." *Id.* at 4-5.

The Court cannot endorse such an excuse. First, "a majority of courts, including those in this District, have found that the two-year time period mandated under the Montreal Convention cannot be tolled." *Lecka*, 2014 WL 12670644, at *3 (citing *McCaskey v. Cont'l Airlines, Inc.*, 159 F. Supp. 2d 562, 580-81 (S.D. Tex. Aug. 17, 2001)); *see also Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 144 (2d Cir. 1998) (explaining that the Warsaw Convention considered and rejected a proposed amendment permitting tolling of the two-year statute of repose). Indeed, the court in *Dickson v. American Airlines, Inc.* stressed the rigidity of the two-year filing period:

> The language of the Convention could not make any plainer that one of the conditions for the existence of an action under the Convention for damages is that it be brought within a period of two years. The bringing of the action within two years was, by the express language of the Convention, a condition precedent. . . . This language leaves no room for the application of a tolling theory,

13

> class action or otherwise, designed to overcome the two-year condition precedent."

*Dickson*, 685 F. Supp. 2d at 627 (citations omitted). Coombes provides no authority, and the Court finds none, in which a court has tolled the two-year statute of repose for a holiday or weekend. Accordingly, the Court is hesitant to toll the statute of repose here.

But even if Coombes is correct and the two-year statute of repose expired on December 21, 2020, he still did not timely file suit. It is well established that pleadings are deemed filed for limitations purposes when they are received by the clerk of court. FED. R. CIV. P. 5; *Mark v. Spears*, 2019 WL 4008021, at *3 (E.D. Tex. July 30, 2019); *Sun River Energy, Inc. v. McMillan*, 2014 WL 4771852, at *9 (N.D. Tex. Sept. 25, 2014) (Fitzwater, C.J.). Here, the Clerk of Court stamped Coombes's complaint as received on December 22, 2020, *See* Compl. 49, and Coombes is unable to identify any fact to suggest that the Court received his Complaint before this date. Coombes cannot blame the postal service or the Court for his tardiness.

And to the extent that Coombes attempts to invoke the mailbox rule, such that his pleading would be deemed filed when he deposited it in the mail, this argument also fails. Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Okechuku v. United States*, 2021 WL 2690091, at *3 n.3 (N.D. Tex. June 14, 2021) (Rutherford, J.) (citing *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley*

*v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011)), *rec. adopted*, 2021 WL 2685283 (N.D. Tex. June 30, 2021). "When a litigant is not incarcerated, however, the prison mailbox rule does not apply." *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016). Because Coombes is not incarcerated, he cannot invoke the prison mailbox rule in the present action to get around the Convention's statute of repose. *See Rosas v. Nueces Cnty.*, 744 F. App'x 903, 904 n.2 (5th Cir. 2018) (mem.) (per curiam) (concluding that the court lacked jurisdiction to consider an appeal because the appellant filed notice a day late and could not invoke the prison mailbox rule, as he was not incarcerated).

Thus, Coombes failed to file suit against Southwest within the Montreal Convention's two-year statute of repose. Accordingly, Coombes is barred from raising any claims arising from the incidents of December 17 to December 20, 2018.

      c. <u>To the extent that Coombes seeks relief for inconvenience and punitive damages, the Montreal Convention precludes such remedies.</u>

Article 29 of the Montreal Convention clearly states that "exemplary or any other non-compensatory damages shall not be recoverable" in any action under the Convention. Therefore, to the extent that Coombes seeks relief under the Montreal Convention for inconvenience or punitive damages, such claims fail as a matter of law.

III. <u>The Court finds that it would be futile to grant Coombes leave to amend his complaint.</u>

Courts should generally grant plaintiffs the opportunity to amend their complaint "where it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is based." *Burress v. Chase Card*, 2020 WL 1216703, at *3 (N.D. Tex. Feb. 18, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 1187175 (N.D. Tex. Mar. 11, 2020). While district courts should freely give leave to amend when justice so requires, this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Factors courts may consider in deciding whether to grant leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citation and quotation marks omitted). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).

In the present action, the Court finds that allowing Coombes to amend his complaint would be futile. Coombes did not timely file suit or provide written notice of his claims under the Montreal Convention. Any amendment to his complaint would not change these facts. Additionally, any amendment to ameliorate the defects of Coombe's discrimination, harassment, and retaliation

claims would be futile, as "trial courts need not grant leave to amend frivolous complaints." *Bekendam v. Tex.*, 2021 WL 1063812, at *3 (N.D. Tex. Mar. 3, 2021) (Rutherford, J.) (citations omitted) ("Where . . . a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further statement from the plaintiff need not be allowed."), *rec. adopted*, 2021 WL 1056439 (N.D. Tex. Mar. 18, 2021). Accordingly, the Court should not grant Coombes leave to amend his complaint.

## Recommendation

For the foregoing reasons, the Court should GRANT Defendant Southwest's Motion to Dismiss (ECF No. 8) and dismiss Plaintiff Coombes's claims with prejudice.

Dated July 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).